**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

TIFFANY CASILLAS THOMPSON                                            PLAINTIFF


v.                              CASE NO. 3:07-CV-00010 GTE


DR. RANDALL GUNTHARP                                                DEFENDANT


## ORDER

Presently before the Court are Plaintiff's Motion for Attorney Fees and Motion for Bill of

Costs.  Plaintiff seeks $13,571.25 in attorney fees for 57.75 hours at $235.00 per hour.  Plaintiff

also seeks $843.00 in costs, consisting of $350.00 for fees of the clerk, $65.00 for fees for service

of summons, $278.00 in court reporter fees, and $150.00 in witness fees.  The Court notes that

Defendant has failed to respond to Plaintiff's motions, and the time to respond has passed.

**I.      Motion for Attorney Fees**

"The following factors are relevant in determining reasonable fees: 1) the experience and

ability of the attorney; 2) the time and labor required to perform the service properly; 3) the

amount in controversy and the result obtained in the case; 4) the novelty and difficulty of the

issues involved; 5) the fee customarily charged for similar services in the local area; 6) whether

the fee is fixed or contingent; 7) the time limitations imposed upon the client in the

circumstances; and 8) the likelihood, if apparent to the client, that the acceptance of the particular

employment will preclude other employment by the attorney."  *Phelps v. U.S. Credit Life Ins.*

*Co.,* 340 Ark. 439, 442, 10 S.W.3d 854, 856 (2000).  "While the courts should be guided by the

foregoing factors, there is no fixed formula in determining the reasonableness of an award of attorney's fees." *Id.*

Here, Plaintiff recovered $35,000. Plaintiff's counsel states that 57.75 hours were spent on the case. Plaintiff's attorney states that he has practiced law for almost thirty years, and practices extensively in federal court, primarily representing discrimination plaintiffs. Additionally, the Court notes that this case involved some relatively novel issues. Nevertheless, while the Court accepts the time input, it believes, on balance, that the hourly charge considering the simplicity of the trial issues, is on the high side. The Court will award $200 per hour. The Court finds that an award of $11,550.00 for 57.75 hours at $200.00 per hour is a reasonable fee.

## II.    Motion for Bill of Costs

Regarding the claimed costs, Federal Rule of Civil Procedure 54, entitled "Costs Other than Attorneys' Fees," provides in pertinent part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.

Fed. R. Civ. P. 54(d)(1). 28 U.S.C. § 1920 defines "costs" and sets forth the categories of trial expenses awardable to a prevailing party under Rule 54(d), including:

**(1)** Fees of the clerk and marshal;

**(2)** Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

**(3)** Fees and disbursements for printing and witnesses;

28 U.S.C. § 1920. "While the above-enumerated costs are presumed to be taxable, the Court must exercise discretion in assessing costs, only allowing taxation of costs for materials

2

'necessarily obtained for use in the case,' 28 U.S.C. § 1920, and in an amount that is reasonable." *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich.1995) *(*citing *Holmes v. Cessna Aircraft Co.,* 11 F.3d 63, 64 (5th Cir. 1994); *U.S. Industries,* 854 F.2d at 1245; *Griffith v. Mt. Carmel Medical Center,* 157 F.R.D. 499, 502 (D. Kan. 1994); *Voight,* 141 F.R.D. at 101). "In seeking costs under Rule 54(d), the prevailing party has the burden of establishing that the expenses he seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920. *Id.*

Federal Rule of Civil Procedure 54(d) has been interpreted as creating a presumption that costs are to be awarded to the prevailing party. *See Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352, 101 S. Ct. 1146, 67 L. Ed. 2d 287 (1981); *Martin v. Daimler-Chrysler,* 251 F.3d 691, 696 (8th Cir.2001) (citations omitted). "Despite this presumption, however, the district court has substantial discretion in awarding costs to a prevailing party." *Greaser v. State, Dept. of Corrections*, 145 F3d 979, 985 (8th Cir. 1998)(upholding district court's denial of costs to prevailing defendant in discrimination case). Although some circuits are of the view that costs should only be denied to a prevailing party if it is guilty of some misconduct or other action worthy of penalty, it appears that the Eighth Circuit takes a broader view, finding that Rule 54(d)'s grant of discretion alone permits a court to deny costs. *Greaser*, 145 F.3d at 985.

## A.      Witness Fees

The amount of witness fees that may be charged under 28 U.S.C. § 1920(3) is governed by 28 U.S.C. § 1821, which states in part:

> Except as otherwise provided by law, a witness in attendance at any court of the
> United States, or before a United States Magistrate Judge, or before any person

> authorized to take his deposition pursuant to any rule or order of a court of the
> United States, shall be paid the fees and allowances provided by this section.

Subsection (b) provides for an attendance fee of $40.00 per day for each day's attendance.

Plaintiff seeks $150.00 in witness fees for one day of testimony by Jack McCord.  Plaintiff does

not attribute any portion of this award for subsistence or mileage.  It does not appear that more

than $40.00 per day in witness fees may be awarded, and Plaintiff cites no authority to the

contrary.  The Court awards witness fees in the amount of $40.00 in witness fees for Jack

McCord.

### B.      Fees of the Clerk and Service of Summons

Plaintiff claims $350.00 in civil filing fees paid to the United States District Clerk to file

this lawsuit in this Court, which clearly falls within 28 U.S.C. § 1920(1).  Thus, the Court awards

Plaintiffs $350.00 in filing fees.

Plaintiff also claims $65.00 in fees for the service of summons on Dr. Guntharp.  In

*Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985), the Eighth Circuit clearly stated that fees

associated with the use of a "special process server [are not recoverable] because 28 U.S.C. §

1920 (1982) contains no provision for such expenses." (citing *Zdunek v. Washington*

*Metropolitan Area Transit Authority,* 100 F.R.D. 689, 692 (D.D.C.1983); 10 C. Wright, A.

Miller, & M. Kane, *Federal Practice and Procedure* § 2677, at 371-72 (1983)).  Plaintiff submits

a statement from Johnson's Detective Agency for service of the summons.  Therefore, this Court

is required to deny Plaintiff's request for $65.00 in fees for service.

4

### C.  Court Reporter/Transcript Fees

Depositions that are merely investigative, preparatory, or useful for discovery, rather than for the presentation of the case typically are not taxable costs.  *See* Wright, Miller, & Kane, *Federal Practice and Procedure*, § 2676 at 428; *Koppinger v. Cullen-Schiltz and Assocs.*, 513 F.2d 901, 911 (8th Cir. 1975) ("[T]he expense of depositions not used at the trial [can] be taxed provided they were reasonably necessary for the case and not purely investigative in nature."). This Court's policy is not to allow deposition costs to be recovered unless the deposition was used at trial or the requesting party makes a specific showing that the deposition was reasonably necessary for the case rather than purely investigative.  "When a deposition is not actually used at trial, whether its cost is taxable is determined by determining whether the deposition reasonably seemed necessary at the time it was taken."   See 10 Wright, Miller, & Kane, Federal Practice and Procedure, § 2676 at 424.

Plaintiff seeks $278.00 for the deposition of Dr. Guntharp.  Plaintiff states that Defendant's deposition was critical to Plaintiff's prosecution because it allowed Plaintiff to learn the exact nature of Defendant's defense and his individual assertions.  Additionally, Plaintiff was able to ascertain whether Defendant admitted or denied engaging in the conduct for which Plaintiff alleged and the Defendant's rationale for his conduct.  It is clear that this deposition appeared to be reasonably necessary for the case at the time it was taken.  Therefore, the Court awards Plaintiff $278.00 for the deposition of Dr. Guntharp.

Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's Motion for Attorney Fees (Docket No. 28) be, and it is hereby, GRANTED.  The Court awards Plaintiff $11,550.00 in attorney fees.

IT IS FURTHER ORDERED THAT Plaintiff's Motion for Bill of Costs (Docket No. 30)

be, and it is hereby, GRANTED in part, and DENIED in part.  The Court awards Plaintiff

$668.00 in costs.[1]

IT IS SO ORDERED this 17th day of December, 2007.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE

---

[1]This amount represents $350.00 for fees of the clerk, $278.00 in court reporter fees, and $40.00 in witness fees.